# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                    Case No. 99-CR-157

MARVIN SMITH,

        Defendant.

## ORDER VACATING ORDER OF AUGUST 16, 2006, AND DENYING PETITION FOR CORRECTION OF SENTENCE

On July 10, 2006, Marvin Smith moved for correction of sentence under Fed. R. Crim. P. 36, seeking credit for certain time served prior to sentencing. On August 16, this court denied the motion as moot, based on the Seventh Circuit's July 21, 2006, vacation of this court's sentence of a Marvin Smith. However, the court failed to note that the vacated judgment occurred in *United States v. Marvin Smith*, No. 89-CR-175, rather than in this 1999 criminal case. Thus, the August 16 order will be vacated. Nevertheless, the motion for correction of sentence must be denied on the merits.

Smith asserts that he was arrested by Wisconsin state authorities and had his parole revoked. While in state custody, he was indicted on federal charges, but except for a few days when released to federal authorities for court proceedings, Smith remained in state custody. In June 2000, this court sentenced Smith to 110 months of incarceration, to run concurrent with his state revocation sentence. Although Smith was thereafter returned to state custody, the Bureau of Prisons designated the Wisconsin Department of Corrections as his place of confinement. According to Smith, he has received credit for June 7, 2000, forward, but the BOP will not give him credit for credit for time served before his federal

sentencing because that time was already credited to his state sentence. He seeks an order from this court awarding him credit for time served prior to sentencing.

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule does not allow the court to alter or amend a judgment in a substantive way, but instead permits the court to correct only errors, oversights and omissions "in the translation from the district court's original [oral] sentence to the formal written commitment order." *United States v. Becker*, 36 F.3d 708, 710 n.2 (7th Cir. 1994); *United States v. Balderas*, No. 04-CR-2, 2005 WL 1330843, at *1 (E.D. Wis. June 3, 2005) (Adelman, J.). If the defendant "is raising a problem that is substantive in nature, even if it is mechanical or computational–then Rule 35 governs." *Becker*, 36 F.3d at 710 n.2. Rule 35 permits amendment of the judgment for clear error within seven days after sentencing. Fed. R. Civ. P. 35. But after those seven days, substantive errors by the court are outside the scope of Rule 36. *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993); *Balderas*, 2005 WL 1330843 at *1.

Smith has not shown, and the court is not aware of, any error in translation of its oral sentence into the judgment of conviction. Instead, Smith asserts that the court should make a substantive change to his judgment of conviction so that he will receive credit for certain time served prior to sentencing. The error (if any) he asserts is beyond the scope of Rule 36, precluding amendment of the judgment of conviction at this late date.

Therefore,

**IT IS ORDERED** that the August 16, 2006, order is **vacated**.

Further,

**IT IS ORDERED** that Smith's petition for correction of sentence is **denied** for the reasons set forth above.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2006.

BY THE COURT:

s/C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge